CLERK'S OFFICE U.S. DIST. COURT
AT HARRISONBURG, VA
FILED

May 07, 2026

LAURA A. AUSTIN, CLERK
BY: s/J.Vasquez
        DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

DAQUANTE SEIDER CRUTE,                )
    Plaintiff,                             )        Civil Action Nos. 7:26-cv-00135
                                                       )
v.                                                     )
                                                       )        By: Elizabeth K. Dillon
KEEN MOUNTAIN CORRECTIONAL    )             Chief United States District Judge
CENTER,                                          )
    Defendant.                           )

**MEMORANDUM OPINION**

Plaintiff Daquante Seider Crute, a Virginia inmate proceeding *pro se*, has filed this civil rights action pursuant to 42 U.S.C. § 1983.  (Dkt. No. 1.)  This matter is before the court for review pursuant to 28 U.S.C. § 1915A.  For the reasons stated below, the court concludes that Crute has failed to state a claim for which relief can be granted, and his claims must be dismissed.

Pursuant to 28 U.S.C. § 1915A(a), the court must conduct an initial review of a "complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity."  A complaint is subject to dismissal if it is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief.  § 1915A(b)(1), (2); *see also* 28 U.S.C. § 1915(e)(2) (requiring court, in a case where plaintiff is proceeding *in forma pauperis*, to dismiss the case if it is frivolous or fails to state a claim on which relief may be granted).

Crute alleges that he "came from Restrictive Housing unit approximately 6 weeks without any blankets, sheets, towels, rags or a pillow."  (Compl. 2.)  Crute alleges further that he "wrote and spoke to the unit manager and building Lt getting no results."  (*Id.*)  However, Crute does not identify these people or name them as defendants in this action.  The only defendant

named by Crute is Keen Mountain Correctional Center, which is not a "person" subject to suit pursuant to § 1983. *See Hall v. Hopkins*, Civil Action No. 7:10-cv-00393, 2010 WL 5055695, at *2 (W.D. Va. Dec. 3, 2010) (citing *Will v. Mich. Dep't of State Police*, 491 U.S. 58 (1989)). Accordingly, plaintiff's complaint must be dismissed for failure to state a claim.

Based on the foregoing, the court will issue an appropriate order dismissing this action for failure to state a claim.

Entered: May 7, 2026.

*/s/ Elizabeth K. Dillon*
Elizabeth K. Dillon
Chief United States District Judge